UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILSON ALTAMIRANO and MARGARITA RUIZ,     Plaintiffs, | : : : : |
| v. | :   Case No. 3:06cv1751 (PCD) |
| COPIAGUE FUNDING CORP. d/b/a SOUTH SHORE MORTGAGE COMPANY,     Defendant. | : : : : : |

## RULING ON MOTION TO SET ASIDE DEFAULT

Defendant moves, pursuant to Federal Rule of Civil Procedure 55(c), to set aside the default entered against it. Plaintiff opposes Defendant's motion. For the reasons that follow, Defendant's Motion to Set Aside Default [Doc. No. 9] is **granted**.

### I.    BACKGROUND

Plaintiffs filed the instant action on November 2, 2006. On April 11, 2007, default was entered against Defendant for its failure to plead or otherwise defend. On that same day, Defendant filed a Motion to Set Aside the Default along with its Answer to Plaintiffs' Complaint.

### II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for "good cause shown." Interpreting this phrase, the Second Circuit has set forth three criteria that must be assessed in order to decide whether to relieve a party from the entry of default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v.

Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); accord Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001). Other equitable factors that may be considered include "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id. Although the factors to be considered in deciding whether to set aside a default or a default judgment are the same, the standard is more relaxed where, as here, a default judgment has not been entered. Id. Courts making this determination should weigh the competing principles of "maintaining a balance between clearing its calendar and affording litigants a reasonable chance to be heard," id., however, the Second Circuit has made clear that default judgments are disfavored and has expressed a clear preference for resolving disputes on the merits. Pecarsky, 249 F.3d at 174; see also Enron Oil Corp., 10 F.3d at 96 (noting that "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' . . . should be construed generously."); Winston v. Prudential Lines, Inc., 415 F.2d 619, 621 (2d Cir. 1969) ("[A] court must not let its zeal for a tidy calendar overcome its duty to do justice.").

### A. Willfulness of the Default

The Second Circuit has interpreted "willfulness," in the context of a default, to refer to conduct that is "more than merely negligent or careless." SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998); see also American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996) (collecting cases and finding that the Second Circuit has required "bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error"); Speaks v. Donato, 214 F.R.D. 69, 73 (D. Conn. 2003) ("In the

2

Second Circuit, willfulness does not include careless or negligent errors."). A default may be willful where a litigant's conduct is "egregious and . . . not satisfactorily explained." McNulty, 137 F.3d at 738. The Second Circuit has recognized that "the degree of negligence in precipitating a default is a relevant factor to be considered, along with the availability of a meritorious defense and the existence of prejudice, in determining whether a default judgment should be vacated and whether failure to do so exceeds allowable discretion." American Alliance, 92 F.3d at 61. Although "[g]ross negligence can weigh against the party seeking relief from a default judgment, . . . it does not necessarily preclude relief." Id.

In the instant case, Defendant failed to file an answer to Plaintiff's Complaint until after default was entered. Defendant was originally notified of the pendency of this action in November 2006, over four months before the entry of default, when Plaintiffs sent Defendant a copy of the Complaint and request for waiver of service under Federal Rule of Civil Procedure 4(d). Defendant failed to respond, so Plaintiffs served Defendant with the summons and Complaint on December 28, 2006. The summons indicated that Defendant was to file an answer within twenty days, or by January 17, 2007. Defense counsel filed an appearance for Defendant on March 13, 2007. Plaintiffs apparently agreed to an extension of time for Defendant to file a responsive pleading until April 9, 2007. On April 10, 2007, Plaintiff filed a Motion for Default Entry, which the clerk granted on April 11.

In explaining the delay, defense counsel asserts only that he did not receive the relevant documents from Defendant to enable him to draft an answer until April 10, 2007. Defense counsel filed an answer and a motion to set aside the default on April 11, 2007, the same day that default was entered. Although it was "negligent or careless" for Defendant to fail to file an

Answer on or before April 9, 2007, the date agreed upon by the parties, the failure does not appear to have been in bad faith and cannot be categorized as "egregious." Accordingly, it appears that the default would not be categorized as "willful" for the purposes of vacating the default entry.

### B. Prejudice to Plaintiffs

It is well-established in the Second Circuit that "delay standing alone does not establish prejudice." Enron Oil Corp., 10 F.3d at 98. Rather, real prejudice in the context of a motion to set aside a default "is evidenced by the loss of evidence, the unavailability of witnesses or roadblocks to discovery." Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 993 (E.D.N.Y. 1995) (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). It appears that the two-day delay between April 9, the date the parties agreed on for the filing of Defendant's Answer, and April 11, when Defendant actually filed its Answer and Motion to Set Aside Default, will not unduly prejudice Plaintiffs. Moreover, Plaintiffs have failed to show any prejudice, aside from the delay, that would result from setting aside the default.

### C. Meritorious Defense

With regard to this third factor, the Second Circuit has held:

> A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.

Enron Oil Corp., 10 F.3d at 98 (internal citations omitted); see also McNulty, 137 F.3d at 740 (to establish a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, 'if proven at trial, would constitute a complete defense'")

4

(internal citations omitted); Mathon, 875 F. Supp. at 993 ("A meritorious defense is established by Rule 55 standards by setting forth denials and defenses in an answer.") (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). In Mathon, the Eastern District of New York held that "[e]ven where delay in filing an answer constitutes willfulness, relief under Rule 60(b) is granted where a meritorious defense is presented." 875 F. Supp. at 993 (citing Wagstaff-El v. Carlton Press Co., 913 F.2d 56 (2d Cir. 1990), cert. denied, 499 U.S. 929, 113 L. Ed. 2d 263, 111 S. Ct. 1332 (1991)).

Plaintiff's Complaint claims that Defendant, in the course of making a mortgage loan to Plaintiffs, violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., the Federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., the Connecticut Truth in Lending Act, Conn. Gen. Stat. §§ 36a-676 et seq., the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq., and the common law torts of negligent or intentional misrepresentation. (See Compl.) Plaintiffs allege that Defendant promised to lend Plaintiffs $30,000 in order to induce them to enter into the mortgage loan, despite knowing that it could not or would not actually make the loan, and that Defendant provided TILA disclosure statements which did not disclose the cost of required private mortgage insurance ("PMI") and falsely stated that PMI was not required to obtain the loan. (See id.) Defendant set forth its denials and defenses in the Answer filed April 11, 2007, and, in its Reply to Plaintiffs' Objection to the Motion to Set Aside Default, presents a more extensive explanation of its defense. Specifically, Defendant argues that there were ample disclosures of the PMI requirement, that Plaintiff could have rescinded the loan without cost within three days after closing, thus remedying any damage that resulted from any offending conduct, and that Plaintiffs simply did not qualify for the second $30,000 mortgage after the

closing of the first. (Def.'s Reply 3.)  Because these claims, if proven at trial, would provide a complete defense to Plaintiff's claims, Defendant has demonstrated a meritorious defense for the purpose of vacating the default judgment entered against it.

### D. Equitable Factors

Given the short delay between the agreed-upon date for filing a responsive pleading and the entry of default, Defendant's prompt action to remedy the default and the fact that the entry of default would "bring about a harsh or unfair result" by denying Defendant the opportunity to defend the action on the merits, the balance of equities weigh in favor of setting aside the default.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Default [Doc. No. 9] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, April  25 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court